# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>VICTOR HOWARD,<br><br>  Defendant. | No. CR24-4005-LTS-KEM<br><br>**MEMORANDUM OPINION AND ORDER ON MOTION TO SUPPRESS** |

## I. INTRODUCTION

This matter is before me on defendant Victor Howard's motion (Doc. 71) to suppress certain statements. The Government has filed a response (Doc. 79) and Howard has filed a reply (Doc. 84). The parties have advised the court an evidentiary hearing is not necessary and that the court may rule on the motion based on the existing record.

## II. BACKGROUND

Howard is charged in a superseding indictment (Doc. 54) with two counts of possession of firearms by a drug user in violation of 18 U.S.C. § 922(g)(3) and two counts of false statements during the purchase of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). The Government alleges that Howard was an unlawful user of controlled substances (marijuana and Xanax) while in possession of firearms and that he lied about his drug use on various forms in order to purchase multiple firearms.

Howard's motion to suppress is based on statements Howard made on October 14, 2022. His first interaction with law enforcement that day involved a traffic stop, during which Sergeant Josh Tyler with the Sioux City Police Department advised Howard of some of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). The second interaction occurred during a custodial interview at the Sioux City Police Department,

during which Tyler referred to the previous advisement of rights. Each of these interactions is captured by video. *See* Gov. Exs. 408, 409.

Exhibit 408, the body camera video of the traffic stop encounter, was provided to Howard's counsel via discovery on April 18, 2024. *See* Doc. 79 at 2-3.[1] Howard did not file a timely motion to suppress with regard to the body camera video. *See* Doc. 13 (Trial Management Order) at 4-5 (establishing deadline of 28 days after the first arraignment for any nontrial-related motions, including motions to suppress).[2] Nor did he file a motion for leave to extend his deadline to file a motion to suppress with regard to the body camera video. In reviewing Howard's motion (Doc. 71) and reply (Doc. 84), I see no indication that Howard is asking the court to suppress the body camera video that has been in his counsel's possession since April 2024. *See* Doc. 71 at 2; Doc. 84 at 4. Any such request would be denied as untimely.

The situation is far different with regard to Exhibit 409, the video depicting the lengthy police station interview.[3] Howard states, and the Government does not dispute, that his counsel did not receive this video until January 14, 2025. Doc. 71 at 1-2. At that time, trial was scheduled to begin in less than two weeks and, of course, the deadline for any motions to suppress had long expired.[4] Howard filed his motion to suppress with regard to Exhibit 409 on January 20, 2025, soon after its disclosure. In resisting the motion, the Government does not argue that it is untimely. Given the undisputed

---

[1] The Government submitted this video as Government's Exhibit 1 to its resistance (Doc. 79) to the motion to suppress and has labeled it as Exhibit 408 for trial. The Government also submitted, as Government's Exhibit 2, its cover letter listing the body camera video as one of the items it disclosed to Howard's counsel on April 18, 2024. *See* Doc. 79-1. Howard does not deny that his counsel received the body camera video on or about April 18, 2024.

[2] Howard was arraigned on April 1, 2024. *See* Doc. 8.

[3] Exhibit 409 contains the entire interview. The Government has marked various portions of the interview as Exhibits 410 through 418. When referring to Exhibit 409 in this order, I am including the portions that have been separately marked as Exhibits 410 through 418.

[4] Trial has since been continued for reasons unrelated to the motion to suppress. *See* Docs. 85, 86.

2

chronology set forth above, I find that Howard's motion to suppress should be considered on its merits with regard to Exhibit 409.

### III. ANALYSIS

*Miranda* "established certain procedural safeguards that require police to advise criminal suspects of their rights under the Fifth and Fourteenth Amendments before commencing custodial interrogation." *Duckworth v. Eagan*, 492 U.S. 195, 201 (1989) (citing *Miranda*, 384 U.S. at 436). *Miranda* requires the following four warnings be given prior to any custodial interrogation:[5] (1) the right to remain silent, (2) that anything he says can be used against him in a court of law, (3) that he has the right to the presence of an attorney and (4) that if he cannot afford an attorney, one will be appointed for him. *Miranda*, 384 U.S. at 479. Unless these warnings are given and the suspect knowingly and intelligently waived his rights, "no evidence obtained as a result of the interrogation can be used against him." *Miranda*, 384 U.S. at 479. The prosecution bears the burden of proving, by a preponderance of the evidence, that a defendant's *Miranda* rights were waived. *Colorado v. Connelly*, 479 U.S. 157, 168-69 (1986).

Howard seeks to suppress the statements contained in Exhibit 409 because he was not provided with a complete advisement of his *Miranda* rights before making those statements.[6] Exhibit 408 shows that during the initial encounter on October 14, 2022, Tyler advised Howard of the first three *Miranda* rights, but did not advise him of the fourth – that if he cannot afford an attorney, one would be appointed for him. Exhibit 409 then shows that prior to questioning later that day at the Sioux City Police

---

[5] A *Miranda* warning is required when: (1) the suspect is being interrogated and (2) the suspect is in custody. See *United States v. Flores-Sandoval*, 474 F.3d 1142, 1146 (8th Cir. 2007). The Government does not challenge that these conditions were met.

[6] While Howard initially argued he was not advised of any of his *Miranda* rights prior to his interview at the Sioux City Police Department, he acknowledges in his reply that he was advised of some, but not all, of those rights earlier that day. *See* Docs. 71, 84.

3

Department, Tyler stated: "I read you your rights earlier. Keep those in mind. I'd like to talk to you about some of your gun stuff. You want to talk?" Howard replied "as of right now, yes." Tyler responded "ok, let me know if you change your mind." There is no evidence of any further *Miranda* warning, orally or in the form of a written advisement and waiver, before Tyler began his interrogation at the police department.

In *Miranda*, the Supreme Court explained the importance of the right to counsel if an individual cannot afford one:

> In order fully to apprise a person interrogated of the extent of his rights under this system then, it is necessary to warn him not only that he has the right to consult with an attorney, but also that if he is indigent a lawyer will be appointed to represent him. Without this additional warning, the admonition of the right to consult with counsel would often be understood as meaning only that he can consult with a lawyer if he has one or has the funds to obtain one. The warning of a right to counsel would be hollow if not couched in terms that would convey to the indigent – the person most often subjected to interrogation – the knowledge that he too has a right to have counsel present. As with the warnings of the right to remain silent and of the general right to counsel, only by effective and express explanation to the indigent of this right can there be assurance that he was truly in a position to exercise it.

*Miranda*, 384 U.S. at 473. Many courts have concluded that the Government may not use any statements made by a defendant in its case-in-chief following the omission of the advisement that an attorney will be appointed if he or she cannot afford one. *See, e.g., United States v. Xi*, Crim. No. 16-22-5, 2018 WL 3340884, at *11 (E.D. Penn. July 6, 2018) (citing cases). I agree.

The record shows that Tyler omitted any reference to Howard's right to have an attorney appointed for him if he could not afford one. As noted above, this right is necessary to "fully apprise a person interrogated of the extent of his rights under this system." *Miranda*, 384 U.S. at 473. The Government offers no argument as to why Howard's statements during the police station interview should be admitted despite this incomplete *Miranda* advisement. Because the Government has not proved by a

4

preponderance of the evidence that Howard was properly advised of his *Miranda* rights before making the statements set forth in Exhibit 409, it cannot establish a valid waiver of those rights. The statements contained in Exhibit 409 must therefore be suppressed.

## IV. CONCLUSION

For the reasons stated herein, Howard's motion (Doc. 71) suppress is **granted**. The Government may not introduce, in its case-in-chief, any of Howard's statements set forth in Government Exhibits 409 through 418.

**IT IS SO ORDERED** this 31st day of January, 2025.

_____
Leonard T. Strand
United States District Judge