**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>VICTOR HOWARD,<br>Defendant. | No. CR24-4005-LTS-KEM<br><br>**MEMORANDUM OPINION AND ORDER** |

## *I. INTRODUCTION*

This matter is before me on defendant Victor Howard's motion (Doc. 73) to dismiss the indictment. Counts 1 and 2 of the superseding indictment have already been dismissed. *See* Doc. 164. Howard requested the opportunity to submit supplemental briefing with regard to Counts 3 and 4. Howard has submitted a supplemental brief (Doc. 167) and the Government has submitted a resistance (Doc. 168). Oral argument is not necessary. *See* Local Rule 7(c).

## *II. PROCEDURAL BACKGROUND*

On January 17, 2024, the grand jury returned an indictment (Doc. 3) charging Howard with one count of possession of firearms by a drug user in violation of 18 U.S.C. § 922(g)(3) and two counts of false statements during the purchase of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). Howard's initial appearance and arraignment took place on April 1, 2024. Doc. 8. Howard's counsel withdrew on April 8, 2024, and new counsel was appointed. Doc. 21. On December 18, 2024, the grand jury returned a superseding indictment (Doc. 54) adding a second count of possession of firearms by a drug user in violation of 18 U.S.C. § 922(g)(3). As such, the § 922(g)(3)

counts were numbered as Counts 1 and 2 and the § 922(a)(6) counts were numbered as Counts 3 and 4.

On January 20, 2025, Howard filed a motion (Doc. 73) to dismiss the indictment on constitutional grounds, citing *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). Specifically, he argued 18 U.S.C. § 922(g)(3) was unconstitutional as applied to him because the Government had failed to demonstrate the statute was consistent with the nation's historical tradition of firearm regulation and thus, violated his Second Amendment rights. *See* Doc. 74. Neither Howard's motion nor brief referenced the false statement counts (Counts 3 and 4), focusing only on the § 922(g)(3) counts (Counts 1 and 2). I reserved ruling on the motion pursuant to *United States v. Turner*, 842 F.3d 602, 605-06 (8th Cir. 2016), and noted Howard's motion was arguably untimely. Howard had known of at least one § 922(g)(3) charge since his arraignment in April 2024 and the Trial Management Order required motions to dismiss be filed within 28 days after the first arraignment. Doc. 77 (citing Doc. 13 at 2-3).

The case proceeded to a jury trial and on July 3, 2025, the jury returned a verdict of guilty on all four counts. Doc. 110. On July 14, 2025, Howard filed a motion (Doc. 118) for new trial and motion (Doc. 120) for judgment of acquittal. As to Counts 3 and 4, he argued the false statement charges were not supported by proof of material falsity or knowing misrepresentation at the time of submission. Doc. 120.

On August 4, 2025, I filed an order (Doc. 126) requesting the parties confer as to whether an evidentiary hearing was necessary on Howard's motion to dismiss. A hearing was set for September 12, 2025. Doc. 128. Howard filed a brief (Doc. 129) in support of his motion to dismiss, again focusing only on the § 922(g)(3) charges. The Government filed a resistance (Doc. 131) and amended resistance (Doc. 132).

After sentencing was scheduled, Howard filed a motion (Doc. 141) to defer ruling on his motion to dismiss pending the United States Supreme Court's decision in *United States v. Hemani*, No. 24-1234. I granted the motion and stayed proceedings, noting a new briefing schedule would be established after the stay was lifted. Doc. 144. I also

held sentencing in abeyance pending my ruling on the motion to dismiss. I noted that I would proceed with ruling on Howard's pending post-trial motions unless the parties objected. Neither party objected. I denied Howard's motion for new trial and motion for acquittal on December 17, 2025. Doc. 145. Howard's counsel withdrew from the case due to new employment and new counsel was appointed. Docs. 146-149.

On June 18, 2026, the Supreme Court issued its opinion in *United States v. Hemani*, 608 U.S. 772 (2026). I lifted the stay, directed the parties to file supplemental briefs on Howard's motion (Doc. 73) to dismiss and continued to hold sentencing in abeyance. Doc. 157. Howard filed his brief (Doc. 158), again focusing on the § 922(g)(3) counts (Counts 1 and 2). The Government responded by moving to dismiss Counts 1 and 2 of the superseding indictment without prejudice. Doc. 163. I dismissed those counts and directed Howard to advise whether he was also seeking dismissal of Counts 3 and 4 of the superseding indictment. Doc. 164. He responded that he sought dismissal of those counts as well and requested the opportunity to submit additional supplemental briefing. Doc. 165. I set a briefing schedule and the parties submitted briefs as to dismissal of Counts 3 and 4. *See* Docs. 167, 168.

## *III. ANALYSIS*

### *A. Timeliness and Waiver/Forfeiture*

The Government argues Howard's motion is untimely under Federal Rule of Criminal Procedure 12(b)(3), which provides that certain "defenses, objections, and requests must be raised by a pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits . . . ." This includes motions raising "a defect in instituting the prosecution" and "a defect in the indictment or information." Fed. R. Crim. P. 12(b)(3)(A) and (B). The rule provides that if a party does not meet the deadline for making a Rule 12(b)(3) motion, "the motion is untimely." Fed. R. Crim. P. 12(c)(3). The court may consider the motion, however, if the party shows "good cause." *Id.* To show good cause, a party must show cause and

prejudice. *United States v. Blanks*, 985 F.3d 1070, 1072 (8th Cir. 2021). The Government notes Howard makes no argument concerning good cause.

While motions to dismiss the indictment must typically be raised before trial or according to a deadline set by the court, *see* Fed. R. Crim. P. 12(b)(3), 12(c)(1), the Eighth Circuit has determined that "a trial on the merits" is necessary to decide an as-applied challenge such as Howard's. *See Turner*, 842 F.3d at 605-06. Therefore, regardless of when Howard filed his motion, I could not decide it until hearing the evidence presented at trial. The best course of action for as-applied constitutional challenges is still to raise them according to the court's deadline for pretrial motions to dismiss. Nonetheless, I recognize this presents a gray area and will not deny Howard's motion based on timeliness for when he first filed his motion.

The Government also argues Howard has forfeited or waived any argument as to dismissal of Counts 3 and 4 because his briefing and supplemental briefing on his motion to dismiss repeatedly addressed only Counts 1 and 2. *See* Docs. 74, 129, 141, 158. The Eighth Circuit has explained:

> Under our waiver jurisprudence, a right – such as the right to have recourse to a legal rule or argument – is waived when it is 'intentionally relinquished or abandoned.' *See United States v. McCoy*, 496 F.3d 853, 856 (8th Cir. 2007). The analogous doctrine of forfeiture applies when a party fails to timely assert a right. *See United States v. Olano*, 507 U.S. 725, 733 (1993).

*United States v. Demilia*, 771 F.3d 1051, 1055 (8th Cir. 2014).

Howard has known of the § 922(a)(6) counts against him since his first arraignment in April 2024. While he similarly relies on *Bruen* and the Second Amendment for dismissal of those counts as he did for Counts 1 and 2, as well as *Hemani*, Counts 3 and 4 have distinct elements from those of Counts 1 and 2 that Howard had not addressed until his most recent brief. Doc. 167. As such, I find he waived or forfeited his arguments as to Counts 3 and 4.

### *B. Merits*

Even if Howard had not waived or forfeited his arguments as to Counts 3 and 4, they would still fail on the merits. Counts 3 and 4 allege violations of 18 U.S.C. § 922(a)(6), which prohibits a person acquiring a firearm from a federally licensed dealer from knowingly making a false statement "with respect to any fact material to the lawfulness of the sale." The jury was instructed that to convict Howard of these counts, the Government had to prove beyond a reasonable doubt that: (1) Defendant knowingly made a false written statement on an ATF Form 4473; (2) he represented to the identified federally licensed dealer that he was not an unlawful user of controlled substances; (3) that representation was false; and (4) Defendant knew the representation was untrue when he made it. Doc. 81-1 at 12-13.

In *Hemani*, the Court considered whether, under the Second Amendment, § 922(g)(3) could be used to prosecute an individual who possesses a firearm and uses marijuana a few times a week. The Court concluded that it could not, under the circumstances of that case, as the Government had not attempted to prove any specific historical principle that could justify its prosecution. *Hemani*, 608 U.S. at 783. In other words, the Government may not proceed with a § 922(g)(3) prosecution on a categorical basis.

Howard attempts to extend *Hemani*'s holding to argue that the proof necessary for Counts 3 and 4 (that Howard made false representation and that he knew it was false when he made it) depended on Howard's status at the time he completed each form. He argues that unless the Government could prove he was an "unlawful user of a controlled substance" when he completed one of the forms identified in the applicable count, his answer was not false or knowingly false. Based on *Hemani*'s rejection of categorical prosecution for all unlawful users of a controlled substance, Howard argues the Government's proof at trial was insufficient and it is unable to prove the necessary elements. In other words, he argues the Government cannot establish facts showing

Howard occupied a legally disqualifying status when he completed the forms at issue in Counts 3 and 4.

To the extent Howard's arguments are based on an assertion of his Second Amendment rights, courts that have considered similar arguments have rejected them. In *United States v. Manney*, 114 F.4th 1048 (9th Cir. 2024), a mother acted as a straw purchaser of firearms for her son, a convicted felon. She argued that § 922(a)(6), as applied to the facts of her case, violated the Second Amendment. *Id.* at 1052. The court rejected that argument, noting that neither *Bruen* nor *United States Rahimi*, 602 U.S. 680 (2024) could be read that broadly. *Id.* It reasoned:

> [W]e find that § 922(a)(6) prohibits making false statements. The statute only relates to firearms insofar as it regulates statements made in connection with firearm acquisitions and information 'material to the lawfulness of the sale.' But the regulated *conduct* is unrelated to the possession of a firearm. In other words, the statute regulates statements made by the individual purchasing a firearm to ensure that a purchaser is not lying to a firearms dealer about who is purchasing the firearm. The fact that the information a purchaser provides may trigger a separate statute that may bar the purchase of a firearm does not transform § 922(a)(6) into a statute regulating the possession of firearms.

*Id.* at 1053. Applied to the facts of her case, § 922(a)(6) did not violate the defendant's Second Amendment rights. It prohibited her only from lying on forms required to purchase firearms. Because the Second Amendment does not protect an individual's false statements, the court concluded the conduct that § 922(a)(6) regulates falls outside the scope of the Second Amendment. *Id.*; *see also United States v. Scheidt*, 103 F.4th 1281, 1284-85 (7th Cir. 2024) ("Section 922(a)(6) restricts fraudulent statements, not firearm purchases," such that "the Second Amendment does not immunize purchasers from knowingly providing misstatements in ATF Form 4473."). To the extent Howard's motion as to Counts 3 and 4 is based on a similar legal argument, grounded in the Second Amendment, his motion is denied.

Howard's motion also fails to the extent he challenges the evidence presented at trial. The fact that Howard's use of controlled substances may not have been sufficient to sustain a conviction under § 922(g)(3), after *Hemani*, has no bearing on whether he made a representation on the 4473 forms that was "intended or likely to deceive [a licensed dealer] with respect to any fact material to the lawfulness of the sale or other disposition of [a] firearm or ammunition under the provisions of this chapter." 18 U.S.C. § 922(a)(6). The forms asked a yes or no question: "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance?" Docs. 115-5 through 115-24. A statement or representation is material if it has "a natural tendency to influence, or be capable of influencing, the decision of the decisionmaking body to which it was addressed." *United States v. Gaudin*, 515 U.S. 506, 509 (1995) (cleaned up). Howard answered "no" on these forms.

Evidence at trial demonstrated that Howard had used marijuana and unprescribed Xanax during the relevant timeframe.[1] The answer to this question is material as it determines whether a firearm may be sold to the individual. Howard argues that singular instances of drug use before or after the forms were completed cannot be used to establish his status as an "unlawful user" at the time he completed the forms as that requires proof of active, regular and temporally proximate use. Additionally, under *Hemani*, the Government cannot rely on a categorical theory to establish materiality.

Even if *Hemani* could be read to affect ATF Form 4473, it would require a "yes" answer from Howard the way the question was phrased at the time of Howard's firearm

---

[1] The 4473 forms are dated December 2, 2021, through October 9, 2022. Howard admitted to smoking marijuana on March 21, 2022. Doc. 136 at 143-45. He also admitted to being a "social smoker" of controlled substances during a May 25, 2022, interview by law enforcement. *Id.* at 171. Finally, in an interview after his arrest on March 29, 2024, Howard stated his drug of choice was Xanax, followed by marijuana and admitted he had increased his use of THC cartridges and Xanax following a car accident in October 2023. Doc. 136 at 190-92; Doc. 137 at 48-49. He described himself as a social user of marijuana and only smokes when someone else wants to smoke. Doc. 137 at 19, 27-28.

purchases in light of the evidence presented at trial. *Hemani* was an as-applied challenge like Howard's and suggests that the type of drug, extent of use, effects and other factors are what will determine whether an individual may possess a firearm under § 922(g)(3). *See Hemani*, 608 U.S. at 794 (explaining that the holding is narrow and does not address efforts to ban addicts, those presently intoxicated, other laws Congress might adopt after determining that users of a particular drug pose a special risk of misusing firearms, prosecutions that come with individualized proof that the defendant's use of a controlled substance renders him a danger or proof that a certain drug always renders its users dangerous because of its potency or for some other reason). The 4473 forms do not allow individuals to decide for themselves whether their unlawful use is sufficient to prohibit them from possessing a firearm. They must answer truthfully as to use of, or addiction to, a controlled substance. There is no timeframe to consider and no inquiry as to the amount of use, potency, effects or other factors. Whether an individual's use is ultimately enough to prohibit possession is a separate issue as to whether one knowingly made a false statement.

Here, the evidence at trial was sufficient for the jury to conclude that Howard made a knowingly false representation when he answered "no" to the question of whether he was an "unlawful user" on each of the 4473 forms. For these reasons, Howard's motion to dismiss Counts 3 and 4 of the Superseding Indictment is denied.

## *IV. CONCLUSION*

For the reasons stated herein, the remainder of Howard's motion (Doc. 73) to dismiss the indictment (specifically Counts 3 and 4) is **denied**. Sentencing will be scheduled as to those convictions by separate order.

**IT IS SO ORDERED** this 27th day of October, 2026.

Leonard T. Strand
United States District Judge